IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PETER HERNANDEZ,
     Plaintiff,

vs.                                                 Case No.:  3:05cv39/MCR/EMT

SANTA ROSA CORR. INST., et al.,
     Defendants.

_____/

### THIRD REPORT AND RECOMMENDATION

     This cause is before the court upon referral from the District Judge.  On May 24, 2006, the district court entered an order adopting the report and recommendation of the undersigned and dismissing Plaintiff's federal claims asserted in his third amended civil rights complaint brought pursuant to 42 U.S.C. § 1983 (*see* Docs. 47, 49, 51).  Plaintiff appealed the order to the Eleventh Circuit Court of Appeals, and on June 14, 2007, the appellate court dismissed the appeal for lack of jurisdiction on the ground that the district court did not dismiss Plaintiff's state law claims, dismiss the complaint, dismiss the action, or expressly decline to exercise supplemental jurisdiction over Plaintiff's state law claims; therefore, the order and judgment were not final or immediately appealable (*see* Doc. 80).

     In light of the appellate court's opinion, the undersigned issued a Second Report and Recommendation concluding that this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims; therefore the undersigned recommended that Plaintiff's state law claims be dismissed without prejudice to Plaintiff's right to assert them in state court, and that this civil rights action be dismissed (Doc. 84).  On October 10, 2007, the district court entered an order adopting the Second Report and Recommendation, dismissing Plaintiff's state law claims without prejudice, and dismissing this action (Doc. 87).  Judgment was entered accordingly (Doc. 88).

Plaintiff appealed the order to the Eleventh Circuit, and on June 9, 2008, the appellate court affirmed the district court's dismissal of all of Plaintiff's claims, federal and state (*see* Doc. 114). Hermandez v. Florida Dept. of Corrections, No. 07-15147, 2008 WL 2345142 (11th Cir. June 9, 2008).  With regard to Plaintiff's First Amendment claim that Defendants Schill and Garlow violated his First Amendment rights by reading his legal papers on August 7, 2004 (*see* Doc. 47 at 10, ¶¶ 20–23; *id.* at 40, ¶¶ 177–80), the appellate court concluded that this court erroneously dismissed the claim sua sponte based on Plaintiff's failure to exhaust administrative remedies; nonetheless, the court affirmed dismissal of this claim because Plaintiff failed to allege facts to support a First Amendment claim, and the court determined that Plaintiff's complaint was subject to dismissal in that regard (*id.* at 11–13).  However, because this court's dismissal of the First Amendment claim for failure to exhaust was without prejudice, and, as the appellate court noted, dismissals for failure to state a claim may be with prejudice if a plaintiff was given an opportunity to amend the complaint, the appellate court vacated the judgment as to the First Amendment claim and remanded with instructions for the district court to consider whether dismissal of the First Amendment claim should be with or without prejudice (*id.* at 13).

Upon review of the record, it appears that Plaintiff was not given an opportunity to amend his complaint as to his First Amendment claim; therefore, dismissal of his First Amendment claim should be without prejudice.  In light of the Eleventh Circuit's mandate affirming dismissal of all of Plaintiff's claims included in the Third Amended Complaint and determining that the complaint was "subject to dismissal," the complaint should be dismissed;[1] however, this court should grant Plaintiff leave to file an amended complaint within a specified period in order to correct the deficiencies identified by the Eleventh Circuit in Plaintiff's First Amendment claim concerning Defendant Schill and Garlow's reading of Plaintiff's legal papers on August 7, 2004.  *See*

---

[1]The mandate rule is "a specific application of the 'law of the case' doctrine" which provides that subsequent courts are "bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case."  *See* Friedman v. Market Street Mortgage Corp., 520 F.3d 1289, 1294 (11th Cir. 2008) (quoting Robinson v. Parrish, 720 F.2d 1548, 1549–50 (11th Cir. 1983) (citation omitted); Piambino v. Bailey, 757 F.2d 1112, 1120 (11th Cir. 1985)).  The law of the case doctrine and the mandate rule "appl[y] to all issues decided expressly or by necessary implication."  *Id.* (quoting Piambino, 757 F.2d at 1120).  "A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate."  *Id.* (quoting Piambino, 757 F.2d at 1119).

Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986) ("In dismissing the complaint, the district court may also provide for a stated period within which a plaintiff may amend the complaint.").

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's First Amendment claim asserted in the Third Amended Complaint be **DISMISSED without prejudice**.

2.      That Plaintiff's Third Amended Complaint be **DISMISSED** with leave to amend it within a specified period by filing a Fourth Amended Complaint asserting only a First Amendment claim against Defendants Schill and Garlow regarding their reading of Plaintiff's legal papers on August 7, 2004.

At Pensacola, Florida, this 19th day of August 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**